# EXHIBIT A

# EXHIBIT A-1

Case 1:20-cv-00040-BLW   Document 1-1   Filed 01/27/20   Page 3 of 11

Electronically Filed
12/23/2019 3:50 PM
Fourth Judicial District, Elmore County
Shelley Essl, Clerk of the Court
By: Stacy Westbrook, Deputy Clerk

John R. MacMillan, IBN#9959
Christine L. Reinert, IBN#9143
MacMillan, Scholz, and Marks, P.C.
900 SW Fifth Avenue, Suite 1800
Portland, OR 97232
Office: (503) 224-2165
Facsimile: (503) 224-0348
E: jmacmillan@msmlegal.com
E: creinert@msmlegal.com
Attorney for Plaintiff

IN THE DISTRICT FOR THE FOUTH JUDICIAL DISTRICT

FOR THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ELMORE

STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of George Adams,

Plaintiff,

vs.

GENERAL MOTORS, LLC, a Delaware corporation.

Defendant.

Case No.: CV20-19-01330

COMPLAINT
(Negligence)

Plaintiff alleges:

I.

PARTIES

1. Plaintiff was at all times herein mentioned, and now is, an Illinois corporation, duly authorized to transact business in the State of Idaho.

2. Defendant General Motors, LLC ("GM"), at all times material hereto, was a Delaware corporation and is subject to the jurisdiction of this court.

II.

JURISDICTION AND VENUE

3. The incident that is the subject matter of this action occurred in the city of Mountain Home, Idaho.

Page 1 – COMPLAINT

4. This Court has jurisdiction over the action pursuant to Idaho Code §§ 1-705 and 5-514, and other applicable provisions. At all material times, 460 E. 2nd N, Mountain Home, ID 83647, is located in the City of Mountain Home, County of Elmore, State of Idaho.

5. Venue is proper in this Court pursuant to Idaho Code §§ 5-401 and 5-404, and other applicable provisions.

## III.

## GENERAL ALLEGATIONS

6. On or about May 4, 2019, George Adams ("Adams") was the owner of a 2007 GMC Acadia ("the Acadia"). Defendant designed, manufactured, assembled and sold the Acadia. At all material times, Adams was also the owner of real property located at 460 E. 2nd N., Mountain Home, ID 83647 ("the Property").

7. On May 4, 2019, the Acadia caught fire, which spread to Adams' business and residence. The fire resulted in the total destruction of the Acadia, damage to the Property, damage to Adams' personal belongings, damage to business property, and lost of income related to the business.

## IV.

### FIRST CLAIM FOR RELIEF

### (Strict Liability Against All Defendants)

8. Prior to May 4, 2019, Defendant designed, manufactured, assembled, and sold the Acadia. The Acadia reached Plaintiff's insured without any material change in condition. At all times, the Acadia was used in a reasonably foreseeable manner.

9. The Acadia was designed, manufactured, assembled and sold in a defective condition, unreasonably dangerous to Adams in that on or about May 4, 2019, the Acadia caught fire resulting in total destruction of Adams vehicle and significant fire damage to the Property and its contents.

Page 2 – COMPLAINT

MacMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

10. As a direct and proximate result of the fire, Adams suffered damage to his real property in the amount of $313,524.87. As a direct and proximate result of the fire, Adams suffered damage to his personal property in the total amount of $125,402.06.

11. As a further direct and proximate result of the fire, Adams incurred additional living expenses in the amount of $8,169.65.

12. As a further direct and proximate result of the fire, Adams incurred lost business income in the amount of $3,300.00.

13. As a further direct and proximate result of the fire, Adams suffered damage to his business structure in the amount of $176,970.00.

14. Prior to the incident set forth above, Plaintiff had issued to Adams, as its insured, policies of homeowners and business property insurance. Pursuant to the terms of the aforementioned insurance policies, plaintiff was obligated to pay, and did pay, insurance benefits to or on behalf of Adams in the total sum of $627,366.58. The sums paid by Plaintiff were reasonable and necessary.

15. Plaintiff is hereby subrogated to all rights of its insured against Defendant to the extent of its payments.

V.

SECOND CLAIM FOR RELIEF

(Breach of Implied Warranty Against All Defendants)

16. Plaintiff realleges paragraphs 1 through 15 of its First Claim for Relief.

17. In selling the Acadia, defendant warranted it was of a quality that would at least pass without objection in the trade, was at least fit for ordinary purposes for which said vehicle was used, and in all other respects was of merchantable quality.

18. Adams purchased the Acadia in reliance upon this implied warranty of merchantability.

MacMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2185

19. Defendant breached this warranty for the reason that the Acadia, as sold, was unmerchantable and unfit for the ordinary purpose for which such vehicles are used in that the Acadia caught fire, resulting in destruction of the Acadia and fire damage to the Property on May 4, 2019.

## VI.

## THIRD CLAIM FOR RELIEF

### (Negligence Against Defendant)

20. Plaintiff realleges paragraphs 1 through 19 of its First and Second Claims for Relief.

21. Defendant was negligent in manufacturing, assembling, and selling the Acadia in a defective condition, as well as for failing to warn Adams about the Acadia's defective condition.

22. As a reasonably foreseeable result of Defendant's negligence, the Acadia caught fire, which resulted in total loss of the Acadia and significant fire damage to the Property.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. For Plaintiff's First Claim for Relief, $627,366.58;
2. For Plaintiff's Second Claim for Relief, $627,366.58;
3. For Plaintiff's Third Claim for Relief, $627,366.58; and
4. For such relief as this Court deems just under the circumstances.

DATED: December 23, 2019.                MacMILLAN, SCHOLZ, & MARKS, P.C.

By: _____
JOHN R. MacMILLAN, IBN#9959
CHRISTINE L. REINERT, IBN#9143
jmacmillan@msmlegal.com
creinert@msmlegal.com
Of Attorneys for Plaintiff

Page 4 – COMPLAINT

# EXHIBIT A-2

John R. MacMillan, IBN#9959
Christine L. Reinert, IBN#9143
MacMillan, Scholz, and Marks, P.C.
900 SW Fifth Avenue, Suite 1800
Portland, OR 97232
Office: (503) 224-2165
Facsimile: (503) 224-0348
Email:jmacmillan@msmlegal.com
Email: creinert@msmlegal.com
Attorney for Plaintiff

IN THE DISTRICT FOR THE FOURTH JUDICIAL DISTRICT

FOR THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ELMORE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of George Adams,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC, a Delaware corporation,<br><br>Defendant. | Case No.: CV20-19-01330<br><br>SUMMONS |

NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF
THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE
UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

**TO:   General Motors, LLC
Registered Agent:
Corporation Service Company
2711 Centerville Rd., Suite 400
Wilmington, DE  19808**

If you want to defend this lawsuit, you must file a written response (Answer or appropriate Rule 12 I.R.C.P. Motion) to the Complaint at the Court Clerk's office for the above-listed District Court, within 20 days from the service of this Summons.

If you do not file a written response the court may enter a judgment against you without further notice. A letter to the Judge is not an appropriate written response.

The written response must comply with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and include: your name, mailing address and telephone number; or your attorney's name, mailing address and telephone number; and the title and number of this case.

If your written response is an Answer, it must state the things you agree with and those you disagree with that are in the Complaint. You must also state any defenses you have.

You must mail or deliver a copy of your response to the Plaintiff or Plaintiff's attorney (at the address listed above), and prove that you did.

To determine whether you must pay a filing fee with your response, contact the Clerk of the District Court.

If you are considering talking to an attorney, you should do so quickly to protect your legal rights.

Date: 12/23/2019

Shelley Essl
CLERK OF THE DISTRICT COURT

By: _____
Deputy Clerk

John R. MacMillan
Christine L. Reinert
Typed/printed name

jmacmillan@msmlegal.com
creinert@msmlegal.com
Of Attorneys for the Plaintiff

SUMMONS                                            PAGE 2
CAO Cv 1-1 2/12/2008

# EXHIBIT A-3

**CONFIDENTIAL Case Information Sheet**
Fill out this form to start a **General Civil Law** case.
The information you give us is **private**.

Electronically Filed
12/23/2019 3:50 PM
Fourth Judicial District, Elmore County
Case Number: Shelley Friel, Clerk of the Court
CV20-19-01330
By: Stacy Westbrook, Deputy Clerk

**Exempt from Public Disclosure**

## DO NOT SERVE THIS DOCUMENT ON OTHER PARTIES

**Complete this form for each of the parties for whom you are submitting this initial pleading.** It is not necessary to provide information about other parties.

The personal identifiers collected by the Court below are collected for the purpose of ensuring that the Court's party records are accurate and to better differentiate individuals or businesses with common names. It will be used for this purpose alone and will not be disclosed to the public including the parties in the subject lawsuit.

**Information about Party**

Name: _____ First  _____ Middle  _____ Last

Legal name of business entity: State Farm Mutual Automobile Insurance Company

Any other names used: as Subrogee of George Adams

Address: c/o John R. MacMillan, MacMillan, Scholz & Marks, P.C.
Street   City   State   Zip

Mailing Address (*if different*): 900 SW Fifth Avenue, Suite 1800, Portland, OR 97204

Phone numbers: Home _____  Work 503-224-2165  Cell _____

Email: jmacmillan@msmlegal.com

Driver's License: State ___ Number ___ Date of Birth: ___

If the accompanying pleading is filed on behalf of more than one party, provide information regarding those additional parties below.

**Information about Party**

Name: _____ First  _____ Middle  _____ Last

Legal name of business entity: _____

Any other names used: _____

Address: _____
Street   City   State   Zip

Mailing address (*if different*): _____

Phone numbers: Home _____  Work _____  Cell _____

Email: _____

Driver's License: State ___ Number ___ Date of Birth: ___

**COMPLETE INFORMATION FOR ADDITIONAL PARTIES ON ADDITIONAL PAGE(S) IF NECESSARY**

GENERAL CIVIL CASE INFORMATION SHEET Revision April 28, 2017