Tyler J. Anderson, ISB No. 6632
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5275
E-mail: tanderson@hawleytroxell.com

Adrienne L. Toon, *Pro Hac Vice*
NELSON MULLINS RILEY & SCARBOROUGH LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone:  303.583.9908
Facsimile:  303.583.9999
E-mail: adrienne.toon@nelsonmullins.com

Attorneys for Defendant General Motors, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of George Adams,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | Case No. 1:20-CV-00040-BLW<br><br>DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO SPOLIATION |

Defendant General Motors LLC ("GM LLC") hereby moves the Court for an order granting sanctions against Plaintiff State Farm Fire and Casualty Company ("Plaintiff"),

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO
SPOLIATION - 1

58286.0001.13527042.1

subrogee of its insured, George Adams, due to Plaintiff's willful spoliation of evidence critical to GM LLC's defense in this case.

## INTRODUCTION

This subrogation lawsuit arises out of a fire that occurred on May 3, 2019 at the home of Plaintiff's insured, George Adams. *See* Complaint (Dkt. No. 1-1) at ¶¶ 6–7. Two days after the fire, an investigator hired by Plaintiff, Mr. Shane Hartgrove, assessed the scene. In his report to Plaintiff, Mr. Hartgrove concluded, based on minimal evidence and investigation, that the fire originated in George Adams' twelve-year-old 2007 GMC Acadia (VIN 1GKEV33767J168008) (the "Subject Vehicle" or "Vehicle"). He reported this conclusion to Plaintiff in a report dated May 24, 2019.

What occurred next is difficult to understand: Plaintiff *sold the Vehicle at a salvage auction* just three days later, on May 27, 2019. GM LLC, by contrast, did not receive notice of the fire, much less any potential claim, until August 27, 2019. Thus, by the time GM LLC was even aware of the fire or the claims in this case, the Vehicle was long gone. Neither GM LLC nor its experts *ever* inspected the Vehicle, nor will they ever have that chance.

Plaintiff's decision to sell the Vehicle despite imminent litigation, and without notice to GM LLC, constitutes willful spoliation of evidence. There is no doubt that Plaintiff, a large and sophisticated insurer that frequently litigates insurance disputes, should have known better than to destroy critical evidence—particularly the very vehicle that they now claim was defective and caused the fire. To do so immediately after its own expert prepared a report is indefensible.

The consequences of this willful spoliation have been entirely one-sided. Plaintiff, of course, already has its report blaming GM LLC for the fire. But because the Vehicle is gone, GM

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO SPOLIATION - 2

58286.0001.13527042.1

LLC cannot conduct its own investigation of the Vehicle or the fire scene, nor can it substantively check the work that Mr. Hartgrove performed. GM LLC has essentially been denied the opportunity to defend this case.

Plaintiff's conduct was so obviously wrong that the only real question is what remedy should be applied. Under these circumstances, case law supports the imposition of severe sanctions, including a non-rebuttable adverse inference, the exclusion of evidence, or the dismissal of Plaintiff's claims. Given Plaintiff's obvious misconduct, and the overwhelming prejudice to GM LLC that has resulted, GM LLC respectfully requests that this case be dismissed as a sanction for spoliation.

## FACTUAL BACKGROUND

The Subject Vehicle was assembled by GM Corporation in June 2007, and it was purchased by its original owner in July 2007. *See* Declaration of Robin R. Jason (attached as Exhibit A) ("Jason Dec.") at ¶¶ 6–7. Plaintiff's insured, George Adams, purchased the Subject Vehicle from the original owner in July 2017. *Id.* ¶ 8. He reported no problems with the Vehicle prior to the date of the fire. Ex. 3[1] (May 24, 2019 Investigative Summary by Plaintiff's investigator Shane Hartgrove) ("Hartgrove Report") at 1, 2.

On May 4, 2019, Mr. Adams drove from Boise to his home in Mountain Home, Idaho and parked the vehicle in his garage. Ex. 3 (Hartgrove Report) at 1. A short time later, a fire

---

[1] All numbered exhibits are attached to Exhibit A, the Declaration of Robin R. Jason.

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO SPOLIATION - 3

58286.0001.13527042.1

began in his garage, ultimately spreading to his home and causing significant damage. *Id.* He then filed a claim with his insurer, the Plaintiff here.

On May 6, 2019, Mr. Hartgrove visited Mr. Adams's residence to investigate the fire. *Id.* His report includes three photos of the Subject Vehicle, which appears to have been badly damaged by the fire. *Id.* at 1–3. Mr. Hartgrove concluded that the fire must have been caused by "non-specific electrical failure" at the connection point between the positive battery cable and the fuse block. *Id.* at 3. Mr. Hartgrove based this on alleged evidence of arcing, as well as the fact that two recalls were conducted relating to the heated washer fluid module in 2007 GMC Acadias. *Id.*

Mr. Hartgrove does not appear to have been aware that those recall issues were fixed in the Subject Vehicle long before the fire occurred. Jason Decl. ¶ 12. It also appears Mr. Hartgrove did not consider other potential sources of the fire or inspect anything at the scene other than the Vehicle. *Id.* ¶¶ 14–15. In addition, based on the contents of his Report, it does not appear that Mr. Hartgrove adhered to the standards and procedures for fire investigation methodology outlined in the National Fire Protection Association's 921 Guide for Fire and Explosion Investigations. *Id.* ¶ 16.

On May 22, 2019, Plaintiff again had the vehicle inspected at Insurance Auto Auctions in Meridian, Idaho. Ex. 5 at 6 (Interrogatory Response No. 5). The Vehicle was then sold at a salvage auction on May 27, 2019. *Id.* at 5 (Interrogatory Response No. 3). This was just three weeks after Mr. Hartgrove inspected the Vehicle. Plaintiff has provided no information about the Vehicle's whereabouts since the sale, but it appears to be permanently gone, without even a single component part preserved as evidence.

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO
SPOLIATION - 4

On August 21, 2019, Plaintiff provided notice to GM LLC of the potential claim, which was received on August 27, 2019. Jason Decl. ¶ 20. No expert retained by or affiliated with GM LLC was aware of the claim or had the opportunity to inspect the Vehicle before it was sold. *Id*. Similarly, no independent expert ever inspected the Vehicle or attempted to determine whether it caused the fire.[2] Thus, the only expert or inspector to have examined the Vehicle is Mr. Hartgrove—and his report constitutes the only (scant) evidence supporting Plaintiff's Complaint.

## ARGUMENT

**I.   PLAINTIFF'S SALE OF THE SUBJECT VEHICLE CONSTITUTES SPOLIATION OF EVIDENCE**

"Federal trial courts have the inherent authority to make appropriate evidentiary rulings and to levy sanctions in response to the destruction or spoliation of relevant evidence." *Evans v. Avista Corp.*, No. 10-473-N-REB, 2012 WL 4140649, at *14 (D. Idaho Sept. 19, 2012) ("*Avista*"). A party seeking sanctions for spoliation of evidence must establish three elements: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the evidence was destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the claim or defense of the party seeking sanctions." *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 1:17-CV-00519-DCN, 2019 WL 2236080, at *7 (D. Idaho May 21, 2019), *reconsideration denied*, No. 1:17-CV-00519-DCN, 2020 WL 2841517 (D. Idaho June 1, 2020).

---

[2] The Mountain Home fire department listed the cause of ignition as "undetermined." Ex. 4 at E1.

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO SPOLIATION - 5

With respect to the first factor, "[a] party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." *Bown v. Reinke*, No. 1:12-CV-00262-BLW, 2016 WL 107926, at *5 (D. Idaho Jan. 8, 2016) "The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *Id.*[3]

Courts in this Circuit have expressly held that Plaintiff in this case, as "a large insurance company . . . is a sophisticated litigant aware of its obligations to preserve relevant evidence." *State Farm Fire & Cas. Co. v. Broan Mfg. Co.*, 523 F. Supp. 2d 992, 996 (D. Ariz. 2007) ("*Broan*"). In *Broan*, Plaintiff alleged that the defendant manufacturer's ventilation fan caused a homeowner's fire, based on two investigative reports. *Id.* The court called this "clear notice of the fire scene's importance" and that "Plaintiff was . . . fully aware that the fire scene would be the central focus of litigation." *Id.* at 996–97. Plaintiff nonetheless told the homeowner to "proceed with repairs" on the damaged area, an action which prevented defendant from inspecting the fire scene. *Id.* at 996. Plaintiff admitted in that case "that the fire scene should have been preserved, and that its failure to do so violated its obligation to preserve evidence." *Id.*

---

[3] Even though the spoliation occurred prior to litigation, federal law governs this motion. *See Performance Chevrolet, Inc. v. Mkt. Scan Info. Sys., Inc.*, No. CV-04-0244-BLW, 2006 WL 1042359, at *1 (D. Idaho Apr. 18, 2006) ("If the spoliation occurs before the litigation is filed, the sanctions are governed by the inherent power of the Court to make evidentiary rulings in response to the destruction of relevant evidence.").

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO SPOLIATION - 6

58286.0001.13527042.1

Here, the damage to the garage and house was allegedly extensive, and Mr. Adams quickly filed an insurance claim. Plaintiff then hired a fire investigator within days of the fire, who concluded that a defect in the electrical system of the Subject Vehicle was the cause of the blaze. Thus, just as with the ventilation fan in *Broan*, whether the Subject Vehicle was defective or was a cause of the fire is "the very heart of the matter in dispute." *Id.* at 997. There can be no doubt that Plaintiff was on notice that the Vehicle was potentially relevant to future subrogation litigation at the time the Vehicle was sold; in fact, Plaintiff filed this lawsuit just months later. Plaintiff's obligation to preserve the Vehicle, and the Vehicle's relevance, are not seriously disputable.

Plaintiff's culpability is clear. Its sale of the Subject Vehicle constitutes willful spoliation even without a showing of bad faith.[4] "A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). Thus, in *Broan*, even though Plaintiff "characterize[d] its actions as 'inadvertent' and 'unintentional,'" its "delay in notifying Defendant, combined with its clear notice of the fire scene's importance, qualifie[d] as willful spoliation under these circumstances." 523 F. Supp. 2d at 997.

---

[4] For purposes of this motion, GM LLC assumes the sale of the Subject Vehicle was not made in bad faith or to gain a purposeful litigation advantage. As the circumstances surrounding the destruction of the Vehicle are still uncertain, however, GM LLC reserves and does not waive the right to argue bad faith should the evidence support such a claim in the future.

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO SPOLIATION - 7

58286.0001.13527042.1

Other cases from this district have found willfulness under similar circumstances. In *Dickinson Frozen Foods*, the defendant, Dickinson, destroyed a freezer that was "integral to [plaintiff's] theory of liability and to [the defendant's] defense." No. 1:17-CV-00519-DCN, 2019 WL 2236080, at *12. The court stated that it "does not believe Dickinson mounted a knowing and concerted effort to destroy the" freezer. *Id.* at *16. However, the court concluded that "[b]ecause it destroyed evidence it knew was relevant to the litigation, Dickinson's destruction of the [freezer] was willful." *Id.* at *12.

Similarly, in *Avista*, the defendant "inadvertent[ly]" disposed of a gas meter alleged to have caused the fire at issue in the case. *Id.* at *14. The court noted that "the cause of the [fire] is not only relevant to this case, but potentially integral to Plaintiffs' theory of liability," and its destruction left the plaintiff "hamstrung." *Id.* at *15. The court therefore concluded that, even though the destruction appeared to be "innocent," sanctions were necessary. *Id.*

As these cases demonstrate, even "innocent" destruction of critical evidence may be willful where the spoliating party knew it had an obligation to preserve the evidence. *Id.* Here, the Subject Vehicle is so important to the case that its destruction can only be construed as willful, particularly given Plaintiff's status as a large insurer "aware of its obligations to preserve relevant evidence." *Broan*, 523 F. Supp. 2d at 996. The only uncertainty is what sanction should be imposed to remedy the prejudice GM LLC has suffered due to Plaintiff's misconduct.

## II. SEVERE SANCTIONS ARE APPROPRIATE DUE TO PLAINTIFF'S SPOLIATION OF EVIDENCE

"Sanctions for spoliation include dismissal of claims, exclusion of evidence, and adverse jury instructions in which the jury is informed that it may presume that the destroyed evidence, if

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO
SPOLIATION - 8

58286.0001.13527042.1

produced, would have been adverse to the party that destroyed or failed to preserve it." *Avista*, 2012 WL 4140649, at *14. "A finding of bad faith is not required before spoliation sanctions may be imposed—sanctions may be imposed on the basis of simple notice of potential relevance to the litigation." *Id.* "Factors to be considered when determining the severity of the sanction to impose against a party for failure to preserve evidence include: (1) willfulness or bad faith of the party responsible for loss of evidence; (2) degree of prejudice sustained by opposing party; and (3) what is required to cure prejudice." *Id.* "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threatened to interfere with the rightful decision of the case." *Broan*, 523 F. Supp. 2d at 997 (*quoting Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 353–54 (9th Cir. 1995)).

    a.    <u>Case Law Supports the Imposition of Severe Sanctions Due to Plaintiff's Willful Spoliation of Critical Evidence</u>

As discussed above, Plaintiff's decision to sell the Subject Vehicle despite its own investigator's conclusion that the Vehicle was the cause of the fire can only be considered willful spoliation. The prejudice to GM LLC from Plaintiff's spoliation is obvious, and the harm to GM LLC irreparable. Plaintiff's investigator has asserted that the Subject Vehicle was defective due to faulty wiring, but GM LLC never had the opportunity to conduct its own investigation to test, evaluate, or defend against this theory. *See* Jason Decl. ¶¶ 21–22. GM LLC is therefore "hamstrung—through no fault of [its] own—in fleshing such details out in [its] favor." *Avista*, 2012 WL 4140649, at *15. As the *Broan* court explained, the failure to adequately preserve evidence relating to a fire prevents any other party from developing a factual defense to any claims:

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO
SPOLIATION - 9

58286.0001.13527042.1

> Defendant's experts have been deprived of the ability to determine whether the evidence would have supported their theory of the case. . . . As noted, **evidence which might have supported Defendant's theories of causation were destroyed, and the secondary photographic evidence is incomplete**. Although Defendant's expert was able to create a detailed report based on the evidence preserved from the fire scene, the spoliation in this case forces Defendant to "rely on incomplete and spotty evidence." *Anheuser–Busch,* 69 F.3d at 353–54. Not only is the evidence incomplete, but it is also limited to that which Plaintiff chose to preserve, and Defendant cannot conduct an independent investigation of the fire scene. **The spoliation therefore threatens to interfere with the rightful decision of the case by preventing full development of the alternative theories of causation.**

*Broan*, 523 F. Supp. 2d at 997 (emphasis added); *see also Scentsy, Inc. v. B.R. Chase, L.L.C.*, No. 1:11–cv–00249–BLW, 2012 WL 4523112, at *9 (D. Idaho Oct. 2, 2012) (noting that "the Court views spoliation as a very serious matter with potentially serious consequences for the parties," in part because it "can never be certain" whether relevant evidence was destroyed).

A sanction is necessary to cure the prejudice suffered by GM LLC. Case law from similar circumstances suggests three possibilities: (1) a non-rebuttable adverse inference; (2) the exclusion of Plaintiff's evidence regarding the Vehicle; or (3) outright dismissal of the case.

A non-rebuttable adverse inference is supported by *Avista* and *Dickinson Frozen Foods*. In *Avista* as discussed above, the defendant "inadvertent[ly]" disposed of a gas meter alleged to have caused the fire at issue in the case. 2012 WL 4140649, at *14. The court noted that other entities had inspected the gas meter before it was lost, but the plaintiffs had not. *Id.* at *15. As a result, "Plaintiffs are simply not able to present to the jury their own interpretation of what took place leading up to the Tracey Road Fire." *Id.* Further, because other entities *had* inspected the gas meter, a mere "rebuttable presumption" was inadequate "because it would leave [the

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO SPOLIATION - 10

58286.0001.13527042.1

defendant] free to tell its own story, unchecked by the evidence it failed to preserve." *Id.* Consequently, the court concluded that only a "non-rebuttable inference" that the fire had been caused by the gas meter was sufficient to cure the prejudice of spoliation. *Id.*

Similarly, in *Dickinson Frozen Foods*, an allegedly defective freezer was disassembled and significantly altered by the plaintiff prior to the initiation of the lawsuit. 2019 WL 2236080, at *8. Like the Vehicle destroyed by Plaintiff in this case, the freezer was so plainly relevant to the dispute that its destruction was deemed willful. *Id.* at *12. Unlike here, representatives for the defendant did have some opportunity to inspect the freezer, albeit months before a lawsuit was filed. *Id.* at *9. The court concluded that spoliation nonetheless caused "significant prejudice," and "a non-rebuttable inference is appropriate." *Id.* at *18. Echoing *Avista*, the court stated that "[a] rebuttable presumption would not be an effective alternative because it would leave [the plaintiff] free to tell its own story, unchecked by the evidence it failed to preserve." *Id.*

Exclusion of evidence is supported by *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363 (9th Cir. 1992). There, a yacht fire was alleged to have been caused by a portable electric space heater left on the yacht. *Id.* at 365. In that case, as here, the space heater at issue was sold before any claim was filed against the manufacturer. *Id.* The "destruction of evidence was at least arguably not in bad faith," but the trial court nonetheless found that it precluded the defendant "from gaining expert testimony related to whether the heater caused the fire . . . render[ing] a full defense impossible." *Id.* at 368, 370. The court therefore excluded all evidence relating to the heater. *Id.* at 366. The Ninth Circuit affirmed on appeal, holding that the plaintiff's pre-litigation destruction of evidence "precluded [the manufacturer] from any

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO
SPOLIATION - 11

58286.0001.13527042.1

opportunity to inspect the evidence; and it rendered unreliable virtually all of the evidence that a finder of fact could potentially consider." *Id.* at 369.

Finally, *Broan* counsels in favor of dismissal. In that case, as here, the destruction of the fire scene had prevented the defendant from even beginning to develop its case. 523 F. Supp. 2d at 998. Mere exclusion of the evidence in these circumstances was insufficient to level the playing field, as it would not "account for the possibility that the fire scene contained additional evidence to support Defendant's theories of causation" or "cure the fact that Defendant is limited to evidence from the fire scene that Plaintiff preserved." *Id.* Consequently, the court concluded that dismissal with prejudice was the "only sanction" that would cure the prejudice the defendant had suffered. *Id.*

      b.      <u>Dismissal is the Appropriate Sanction Under the Circumstances Here</u>

GM LLC respectfully submits that in this case, dismissal is the only sanction that can adequately cure the prejudice from Plaintiff's destruction of critical evidence. Plaintiff destroyed the Subject Vehicle after its own expert's inspection, but long before notifying GM LLC or filing this suit. This case is thus more akin to the circumstances presented in *Unigard* and *Broan* than to the less egregious (but still highly prejudicial) conduct described in *Avista* and *Dickinson Frozen Foods*.[5] GM LLC has been denied the opportunity to develop its case, not just to inspect the Subject Vehicle and rebut Plaintiff's claims, but to look for "additional evidence to support

---

[5] The *Dickinson Frozen Foods* court noted, in distinguishing *Unigard* and *Broan*, that "a great deal of data" was gathered before the freezer was destroyed, and the defendant never objected to the freezer's destruction. *Dickinson Frozen Foods*, 2019 WL 2236080, at *14–15. As a result, the court chose not to dismiss the case. *Id.* at *17. By contrast, no data was gathered here, and GM LLC was never given the opportunity to object to the Vehicle's destruction.

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO
SPOLIATION - 12

[its] theories of causation." *Broan*, 523 F. Supp. 2d at 998. GM LLC is instead forced to defend its case based on only the "evidence from the fire scene that Plaintiff preserved"—which in this case is nothing at all. *Id.*; Jason Decl. ¶¶ 20–22.

Before dismissal may be granted, due process concerns require that courts consider five additional factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Broan*, 523 F. Supp. 2d at 996.

"The first and second factors support dismissal when the destruction of evidence 'obscures the factual predicate of the case and consumes months of sanction-related litigation.'" *Id.* (quoting *Leon*, 464 F.3d at 958 n.5) (alteration marks omitted). Here, as in *Broan*, "[d]estruction of the fire scene has obscured the factual predicate of the case," and the Court must therefore spend "significant resources investigating and resolving the spoliation issues." *Id.* These factors support dismissal.

The third factor, prejudice to GM LLC, overwhelmingly weighs in favor of dismissal. Plaintiff's destruction of the most critical evidence in the case has irreparably undermined the evidentiary foundation of GM LLC's potential defenses. Jason Decl. ¶¶ 21–22. The fifth factor, availability of less drastic sanctions, also supports dismissal. A non-rebuttable adverse inference or exclusion of all evidence regarding the Subject Vehicle would help to level the playing field, but it cannot take the place of the crucial evidence GM LLC could have developed had Plaintiff preserved the Vehicle. *Id.*; *Broan*, 523 F. Supp. 2d at 998.

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO
SPOLIATION - 13

58286.0001.13527042.1

The only remaining factor is "the public policy favoring disposition of cases on their merits." *Broan*, 523 F. Supp. 2d at 997. This factor by itself has been held "not sufficient to outweigh the other factors," particularly "when the spoliation hinders the parties' ability to investigate and present the merits of this case." *Id.* at 997–98. Here, the destruction of indispensable evidence has fundamentally tainted the very fact-finding process itself. Given the importance of the Subject Vehicle to the case, it is unlikely that the "merits" of what occurred can ever even be ascertained. Public policy supports dismissal of the claim over a disposition based on necessarily flawed findings of fact.

Plaintiff's destruction of the most important evidence in the case prior to filing suit cannot be countenanced. Considering the critical significance of the Subject Vehicle to the case, the clear possibility of litigation at the time it was sold, and the overwhelming prejudice caused by Plaintiff's spoliation, dismissal is the only sanction that can remedy the harm Plaintiff has caused to GM LLC's ability to defend this case.

WHEREFORE, GM LLC requests that the Court grant its Motion for Sanctions due to Spoliation, dismiss the above-captioned case with prejudice, and afford such other and additional relief to which GM LLC may be entitled.

DATED THIS 8th day of February, 2021.

                                                HAWLEY TROXELL ENNIS & HAWLEY LLP

                                                By: */s/ Tyler J. Anderson*
                                                      Tyler J. Anderson, ISB No. 6632
                                                      Attorneys for Defendant General Motors, LLC

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO SPOLIATION - 14

58286.0001.13527042.1

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 8th day of February, 2021, I electronically filed the foregoing DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO SPOLIATION with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| John R. MacMillan, IBN #9959 | jmacmillan@msmlegal.com |
| Christine L. Reinert, IBN #9143 | creinert@msmlegal.com |
| MacMillan, Scholz, and Marks, P.C. | |
| 900 SW Fifth Avenue, Ste. 1800 | |
| Portland, OR  97232 | |
| Telephone:  503-224-2165 | |
| Facsimile:  503-224-0348 | |

*Attorneys for Plaintiff*

                                                 */s/ Tyler J. Anderson*
                                                 Tyler J. Anderson

DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS DUE TO SPOLIATION - 15

58286.0001.13527042.1