John R. MacMillan, IBN#9959
Christine L. Reinert, IBN#9143
MacMillan, Scholz, and Marks, P.C.
900 SW Fifth Avenue, Suite 1800
Portland, OR 97232
Office: (503) 224-2165
Facsimile: (503) 224-0348
E: jmacmillan@msmlegal.com
E: creinert@msmlegal.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of George Adams,<br><br>       Plaintiff,<br><br>  vs.<br><br>GENERAL MOTORS, LLC, a Delaware corporation.<br><br>       Defendant | Case No.: 1:20-cv-00040-BLW<br><br>RESPONSE TO DEFENDANT GENERAL MOTORS LLC'S MOTION FOR SANCTIONS DUE TO SPOLIATION |

Plaintiff, State Farm Fire and Casualty Company ("Plaintiff") moves this Court to deny Defendant's Motion for Sanctions Due to Spoliation.

**INTRODUCTION**

This subrogation lawsuit arises out of a fire caused by a 2007 GMC Acadia owned by Plaintiff's insured (the "Acadia"). The fire occurred on May 3, 2019 in the garage of the Home also owned by Plaintiff's insured, George Adams.[1] The automobile itself was insured by State

---

[1] See Complaint (Dkt. No. 1-1) at ¶¶ 6–7.

Page 1 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW 5th AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

Farm Mutual Automobile Company.[2] The home and a related business were insured under two separate policies with Plaintiff.[3]

Plaintiff and State Farm Mutual Automobile Company ("Auto") are separate corporations and operate independently of one another.[4] Each business employs different individuals and, as such, Plaintiff's claims were handled by its own claim's representative.[5] The Auto claim was handled by Auto's own claims representative from the outset to present.[6] At the time of the fire, Auto took possession and control of the Acadia per Auto's policy with the insured.[7]

Auto's actions directly affected Plaintiff's ability to further investigate the claim, as engineers retained by Plaintiff have been unable to physically inspect the vehicle.[8] Any prejudice from the sale of the vehicle is against Plaintiff's ability to prosecute this matter, as well as Defendant's ability to defend. As described below, Plaintiff has been transparent with Defendant from the outset of litigation about what occurred, providing Defendant with all documentary evidence in Plaintiff's possession and offering it immediately and without formal discovery requests.[9]

Plaintiff's lack of possession and control of the Acadia necessitates that Defendant's motion fail, whether the Court chooses to follow the Idaho standard requiring bad faith on the part of the alleged spoliator, or the federal standard only requiring the requisite intent be willful. Further, federal "tests" for the application of sanctions require denial of Defendant's motion due to Plaintiff's lack of control over the Acadia, its expectation that Auto would preserve the vehicle for additional inspection, and the damage to Plaintiff's case caused by the sale of the vehicle.

---

[2] See Declaration of Christine L. Reinert ("Reinert Dec.") at paragraph 2.
[3] See Affidavit of Eric Vane ("Vane Aff.") at paragraph 2.
[4] *Id* at paragraph 8
[5] *Id*.
[6] *Id*.
[7] *Id.* at paragraph 6.
[8] Reinert Dec at paragraph 3.

Page 2 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

1  These actions all demonstrate the lack of the requisite intent to impose sanctions on Plaintiff. No
2  sanctions are warranted against Plaintiff and the Court should deny Defendant's motion.

3  **LEGAL STANDARD**

4  In diversity cases, state law determines a party's duty to preserve evidence that is out-
5  come-determinative, while federal rules govern sanctions for breach of that duty."[10]  The claims
6  in this case are state law claims brought under the Court's diversity jurisdiction, and the motion
7  for sanctions is based on pre-suit spoliation." Idaho law applies to the Court's inquiry into
8  whether a breach of the duty to preserve occurred.

9  If the non-moving party breached the duty to preserve evidence, then it is within the fed-
10 eral court's power to apply and determine the appropriate sanctions. "The Ninth Circuit has ex-
11 plicitly recognized that trial courts possess 'inherent discretionary power to make appropriate
12 evidentiary rulings in response to the destruction or spoliation of relevant evidence,' and that
13 sanctions for spoliation of evidence may be imposed under the court's inherent powers to man-
14 age its own affairs. [11]  To decide which sanction, if any, to impose for spoliation, courts general-
15 ly consider three factors: (1) the degree of fault of the party who altered or destroyed the evi-
16 dence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a less-
17 er sanction that will avoid substantial unfairness to the opposing party.[12]

18 //

19

20

---

21 [9] Reinert Aff. at paragraph 6.
[10] Allstate Ins. Co. v. Sunbeam Corp., 53 F.3d 804, 806 (7th Cir.1995).
22 [11] As noted in Unigard, Rule 37 sanctions are inapplicable in this case as there is no allegation that Plaintiff violated an Order. Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir.1993); Jackson Family Wines, Inc. v. Diageo N. Am.,
23 Inc., No. CV 11–5639 EMC (JSC), 2014 WL 595912, at *4 (N.D.Cal. Feb. 14, 2014) (citing Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir.2006))
24 [12] Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp., No. 1:17-CV-00519-DCN, 2019 WL 2236080, at *6 (D. Idaho May 21, 2019), reconsideration denied, No. 1:17-CV-00519-DCN, 2020 WL 2841517 (D. Idaho June
25 1, 2020)

Page 3 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

## FACTUAL BACKGROUND

On May 6, 2019, when Plaintiff's claims representative arrived on at the fire scene, i.e., the insured's home, the representative had a telephone conversation with the Auto claims representative regarding the Acadia. In that conversation, Plaintiff requested permission from Auto to allow Plaintiff's inspector, Shane Hartgrove, and the representative, himself, to inspect the Acadia and perform an Origins and Cause Analysis.[13] During that same telephone call, Plaintiff's claims representative also requested that the Acadia not be sent to Insurance Auto Auctions Inc. ("IAA") in Boise, but to a different holding facility. This request was made for Mr. Hartgrove's convenience for further inspections, and in the event the Acadia became evidence for any potential State Farm Fire subrogation claims. Auto, however, denied Plaintiff's request.[14] On May 8, 2019, the Acadia was towed to IAA by Auto.[15]

Plaintiff's claims representative called IAA once to let them know that Mr. Hartgrove would be performing an inspection at some point in the future, but did not have any further contact with IAA, and had no authority direct IAA as to how to handle the Acadia.[16]

On May 22, 2019, Mr. Hartgrove travelled to IAA to further inspect the Acadia at IAA's lot. Based on his inspection, Mr. Hartgrove authored a Fire Cause Analysis Report for State Farm Fire on May 24, 2019.[17]

On June 28, 2019, the Acadia was sold by IAA.[18] No one employed by Plaintiff, State Farm Fire and Casualty Co., had knowledge of the sale of the Acadia at the time.[19]

---

[13] *Id.* at paragraph 9.
[14] *Id.* at paragraph 10.
[15] See Affidavit of Insurance Auto Auctions, Inc. ("IAA Aff.") at paragraph 3.
[16] Vane Aff. at paragraph 12.
[17] *Id.* at paragraph 13.
[18] IAA Aff. at paragraph 4.
[19] Vane Aff. at paragraph 15.

Page 4 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW 5th AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

It is customary for Auto to place a hold on a vehicle in situations such as this, i.e., where the vehicle is the subject of Plaintiff's investigation.[20] Because Auto had possession of the Acadia and they knew it was the subject of Plaintiff's inspection, Plaintiff reasonably believed that Auto would place a hold on the Acadia to prevent it from being sold.[21]

At all times, Auto had possession and control over the Acadia and was the primary point of contact with IAA. Auto should have placed a hold on the Acadia but did not.[22] Sometime after June 28, 2019, Plaintiff was informed that the Acadia was sold by IAA.[23] On August 21, 2019, Plaintiff notified GM of the claim against it.[24]

At no point did Auto inform Plaintiff that the Acadia was not placed on a hold, or was taken off a hold, and at no point did Auto inform Plaintiff that the Acadia was sold.[25] To date, Auto has not brought a subrogation claim against GM for the Acadia.[26]

## POINTS AND AUTHORITIES

**A. Plaintiff did not have the requisite state of mind required, whether applying Idaho or federal standards concerning breach of the duty to preserve evidence.**

Plaintiff agrees with Defendant that it had a duty to preserve the Acadia following the fire. As discussed above, Idaho's spoliation law should initially be applied in this matter as to whether Plaintiff breached the duty to preserve the Acadia due to the timing of the alleged spoliation.[27] In Idaho, "The concept of spoliation requires a state of mind that shows a plan or pre-

---

[20] *Id.* at paragraph 17.
[21] *Id.* at paragraph 16.
[22] *Id.* at paragraph 19.
[23] *Id.* at paragraph 18.
[24] See Ex 2, Aff. Of Reinert, at paragraph 4.
[25] Vane Aff. at paragraph 21.
[26] Dec of Reinert at paragraph 5.
[27] Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp., cites *ArcelorMittal Indiana Harbor LLC v. Amex Nooter, LLC*,[27] which supports that federal courts have held that where state law claims are involved, the court should apply the spoliation law of the state in which it sits. 2018 WL 509890.

Page 5 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

meditation"[28]  Moreover, the circumstances of the act must manifest bad faith. *Mere negligence is not enough, for it does not sustain the inference of consciousness of a weak case.*"[29]

Idaho's standard is notably different from the federal standard, where "sanctions may be appropriate both in situations of bad faith and in situations involving lesser misconduct."[30]  A party's destruction of evidence is willful if the party has "some notice that the documents were potentially relevant to the litigation before they were destroyed."[31]

Defendants argue that the sale of the vehicle constitutes willful spoliation by Plaintiff. Idaho law does not recognize breach of the duty to preserve with only that lesser state of mind. Plaintiff is aware, however, that some federal courts, including this Court on at least one occasion, found sanctions for spoliation alleged to have occurred pre-suit to be in the courts' power to determine.[32]

If the Court concludes that federal law concerning alleged spoliation controls, and a willful state of mind is enough to find a party culpable, Defendant still cannot prove that Plaintiff had the requisite state of mind. The actions that Defendant cites in its motion regarding the destruction of evidence were performed by Auto, who had complete possession and control of the vehicle and is responsible for its own actions. Plaintiff on the other hand, in performing its duty, requested the Acadia not towed to IAA (but rather another holding facility) and it understood the Acadia would be placed on hold as was the custom when Auto was on notice that Plaintiff was still continuing its investigation.  This is the same as if the Acadia was insured by Travelers or Farmers. Requests and assumptions would be made. Sanctions for spoliation of evidence require

---

[28] Ricketts v. E. Idaho Equip., Co., 137 Idaho 578, 582, 51 P.3d 392, 396 (2002).
[29] Courtney v. Big O Tires, Inc., 139 Idaho 821, 824, 87 P.3d 930, 933 (2003)
[30] Perez v. Sunshine Motel Inn, LLC, No. 1:15-CV-3197-RMP, 2016 WL 10585999, at 3 (E.D. Wash. Dec. 21, 2016)
[31] Victorino v. FCA US LLC, No. 16CV1617-GPC(JLB), 2017 WL 4541653, at *5 (S.D. Cal. Oct. 11, 2017)
32 Performance Chevrolet, Inc. v. Mkt. Scan Info. Sys., Inc., No. CV-04-0244-BLW, 2006 WL 1042359, at *1 (D. Idaho Apr. 18, 2006)

Page 6 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

that the party being moved against have control of the evidence. Plaintiff never had that requisite control.[33]

**B. Sanctions arising from spoliation of evidence also require that the party being moved against have control over the evidence such that the party could be found culpable in its destruction.**

"Federal trial courts have the inherent authority to make appropriate evidentiary rulings and to levy sanctions in response to the destruction or spoliation of relevant evidence."[34] Federal court have differing "tests" for when sanctions are necessary and what sanction is necessary. The Ninth Circuit has outlined one in *Apple*:

> A party seeking sanctions for spoliation of evidence must establish three elements: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the evidence was destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the claim or defense of the party seeking sanctions."[35]

Defendant's motion fails based on the first element, "that the party having control over the evidence had an obligation to preserve it at the time it was destroyed." Plaintiff does not dispute that it had an obligation to preserve the evidence at the time it was destroyed. Because Plaintiff did not have the requisite control over the Acadia, however, it cannot be sanctioned for the actions of another.

Auto always had full control of the vehicle after the fire. Plaintiff's authority extended to the ability to make requests, such as allowing Mr. Hartgrove to inspect the vehicle or asking Auto to tow the vehicle to a holding facility (in effect asking Auto to place a hold on the vehicle) and not IAA. To the extent Plaintiff had the ability to preserve the evidence, it did.

---

[33] Apple Inc. v. Samsung Electronics Co., 888 F.Supp.2d 976, 989–90
[34] Evans v. Avista Corp., No. 10-473-N-REB, 2012 WL 4140649, at 14 (D. Idaho Sept. 19, 2012) ("Avista").
[35] Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp., WL 2236080, at 7 (D. Idaho May 21, 2019).

Page 7 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW 5th AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

The second element – "that the evidence was destroyed with a culpable state of mind" – would also apply to the "spoliator," in this case, Auto. As for Plaintiff's state of mind, it is clear from the record that Plaintiff wanted to preserve the Acadia for further investigations by all parties.

Plaintiff does not dispute that the third element is met. The Acadia was clearly relevant to Defendant's defense. But the sale of the Acadia by Auto has also hindered Plaintiff's case.

**C. Sanctions are not warranted because the required findings for sanctions due to spoliation are not consistent with the facts.**

If Defendant were to overcome the facts and law stated above, the court would have a wide range of sanctions it could apply:

> A court's discretion in imposing sanctions can range in severity from minor sanctions, such as awarding attorneys' fees, to more severe sanctions including permitting a jury to draw an adverse inference against a party responsible for the destruction of evidence, ordering the exclusion of evidence, or even dismissal of claims. To decide which spoliation sanction, if any, to impose, courts generally consider: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party.[36]

Based on the facts already laid out, sanctions of any kind against Plaintiff would be unjust and unwarranted.

The first element, the degree of fault of the party who altered or destroyed the evidence, has been analyzed above. Plaintiff was not at fault for the destruction of the evidence. To the extent the Court felt Plaintiff could have done more, Plaintiff's fault would be negligible in light

---

[36] Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp., No. 1:17-CV-00519-DCN, 2019 WL 2236080, at *6 (D. Idaho May 21, 2019), reconsideration denied, No. 1:17-CV-00519-DCN, 2020 WL 2841517 (D. Idaho June 1, 2020)

Page 8 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW 5th AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

of the totality of circumstances involving its lack of possession and control of the vehicle and its attempts to comply with its duty to preserve the evidence.

Plaintiff does not contend that Defendant has not suffered prejudice by not being able to have its experts physically inspect the vehicle. Plaintiff is similarly prejudiced, though, admittedly, less so. However, the second element for the court to consider speaks to the *degree* of prejudice suffered by Defendant, not whether there has been prejudice or not.

Plaintiff has shared all documentary evidence in its possession with Defendant from the outset of litigation on its own initiative. This includes providing Mr. Hartgrove's report, as mentioned in Defendant's motion, but also (and not mentioned in Defendant's motion) one hundred raw photographs taken by Mr. Hartgrove, all of the photos taken by Plaintiff's mitigation contractor, Servpro, and about 600 photos taken by State Farm representatives[37]. In a telephone call with counsel about two weeks after receiving their Notice of Appearance, Plaintiff disclosed the sale of the Acadia and offered all if the documentary evidence in its possession[38]. Thus, Defendant was made aware on day one of litigation of the potential evidentiary problem, but has made no steps to build their case, and bring this motion more than a year into litigation.

> District courts have held that an unreasonable delay can render a spoliation motion untimely. See Goodman v. Praxair Services, Inc., 632 F. Supp. 2d 494, 506-08 (D. Md. 2009) (spoliation motion "should be filed as soon as reasonably possible after discovery of the facts that underlie them motion."); Montoya v. Orange Cnty. Sheriff's Dep't., No. SAVC 11-1922 JGB (RNBx), 2013 WL 6705992, at *6 (C.D. Cal. Dec. 18, 2013) (citing Goodman, 632 F.Supp.2d 494 at 508).[39]

Defendant has not deposed a single witness in this case: not Shane Hartgrove, not fire department personnel and inspectors, not the neighbors, not even Plaintiff's insured – the owner of the subject vehicle – to learn first-hand observations of the fire scene and the vehicle. At this

---

[37] Reinert Dec. at paragraph 6.
[38] Reinert Dec. at paragraph 7.

Page 9 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW 5th AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

time, it is impossible to assess the amount of prejudice to Defendant because neither Plaintiff or Defendant "know what they don't know."

The third element regarding the imposition of sanctions is "whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." The exercise of a court's inherent powers must be applied with "restraint and discretion" and only to the degree necessary to redress the abuse.[40] Accordingly, the determination of an appropriate sanction for spoliation is "confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis."[41] Although the court may impose sanctions for willful spoliation, "a party's motive or degree of fault in destroying evidence is relevant to what sanction ... is imposed."[42] Defendant, in its motion, suggests only the most severe sanctions against Plaintiff, (1) a non-rebuttable adverse inference; (2) the exclusion of Plaintiff's evidence regarding the Vehicle; or (3) outright dismissal of the case.

Dismissal is typically only warranted under the most egregious of circumstances:

> The severe sanction of dismissal is available when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" because "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon v. IDX Sys. Corp*, 464 F.3d 951, 958 (9th Cir. 2006)(citation and internal quotations omitted). Termination sanctions can be implemented when the court finds a party has engaged abusive litigation practices. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987). "Abusive practices" include perjury, filing false pleadings, and falsifying evidence. *See Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (affirming dismissal for falsifying a deposition); *TeleVideo Sys., Inc.*, 826 F.2d at 917 (affirming entry of default judgment for perjury and false pleadings); *Sell v. Country Life Insurance Company*, 189 F.Supp.3d 925, 944 (D. Ariz., June 1, 2016) (dismissing a case for presenting false deposition and hearing testimony to create a "false narrative");

---

[39] Victorino v. FCA US LLC, No. 16CV1617-GPC(JLB), 2017 WL 4541653, at *10 (S.D. Cal. Oct. 11, 2017)
[40] Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991); see also Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3rd Cir. 1994) (courts should choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim").
[41] Dickinson at page 6.
[42] Id. at 14.

Page 10 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW 5th AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

and *Stewart v. RockTenn CP, LLC*, No. 3:13-CV-2147-AC, 2016 WL 3566731, at *3 (D. Or. June 29, 2016) (terminating a case for submitting "sworn statements to the court that misrepresented the facts of the case").[43]

Clearly, the situation at hand does not rise to the level contemplated here. Even an adverse inference instruction requires a highdegree of fault:

> Thus, while a finding of bad faith is not a prerequisite for an adverse inference sanction, "a party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed." *In re Napster,* 462 F.Supp.2d at 1066–67 (citing *Baliotis v. McNeil,* 870 F.Supp. 1285, 1291 (M.D.Pa.1994)). Courts should choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim." *Schmid,* 13 F.3d at 79. Ultimately, the choice of appropriate spoliation sanctions must be determined on a case-by-case basis, and should be commensurate to the spoliating party's motive or degree of fault in destroying the evidence. *See Unigard Security,* 982 F.2d at 368; *In re Napster,* 462 F.Supp.2d at 1066–67[44]

A permissive adverse inference of spoliation against Plaintiff, although inappropriate here, is not even mentioned in Defendant's motion. [45] The *Perez* Court held that "a permissive, rather than a mandatory, instruction sufficiently remedies the issue when the case may still be litigated at trial and the jury is able to make the call, particularly because public policy favors determining a case on its merits.[46] Frankly, even without sanctions, the difficult position the sale of the Acadia puts Plaintiff in at trial should be remedy enough.

---

[43] Lee v. Trees, Inc., No. 3:15-CV-0165-AC, 2017 WL 5147146, at *3 (D. Or. Nov. 6, 2017)
[44] Apple Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976, 992–93 (N.D. Cal. 2012
[45] Akiona v. United States, 938 F.2d 158, 161 (9th Cir. 1991) ("Generally, a trier of fact may draw an adverse inference from the destruction of evidence relevant to a case.").
[46] Perez v. Sunshine Motel Inn, LLC, No. 1:15-CV-3197-RMP, 2016 WL 10585999, at 4–5 (E.D. Wash. Dec. 21, 2016).  See also Generally, a "fact finder may draw an inference against any party that destroys or despoils evidence, but that inference is permissive rather than mandatory." Dae Kon Kwon v. Costco Wholesale Corp., 469 Fed.Appx. 579, 580 (9th Cir. 2012); see also Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993) (finding the court has "broad discretionary power to permit a jury to draw an adverse inference from the destruction or spolitation"); Akiona v. United States, 938 F.2d 158, 161 (9th Cir. 1991) ("Generally, a trier of fact may draw an adverse inference from the destruction of evidence relevant to a case.").

Page  11 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW 5th AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

In one way or another, all of the sanctions requested by Defendant eventually result in a verdict for Defendant. Based on the points and authorities presented above, however, it would be unjust to impose any sanctions on Plaintiff.

## CONCLUSION

Based on the above facts, attached affidavits, and case law cited, Plaintiff respectfully requests that the Court deny Defendant General Motors LLC's Motion for Sanctions Due to Spoliation in totality, and deny the imposition of any sanctions due to the sale of the vehicle.

DATED: March 1, 2021.    MacMILLAN, SCHOLZ, & MARKS, P.C.

By: */s/ Christine Reinert*
Christine L. Reinert, IBN 9143
John R. MacMillan, IBN 9959
Of Attorneys for Plaintiff

Page 12 – RESPONSE TO DEFENDANT GENERAL MOTORS' MOTION FOR SANCTIONS DUE TO SPOLIATION

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW 5th AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165