John R. MacMillan, IBN#9959
Christine L. Reinert, IBN#9143
MacMillan, Scholz, and Marks, P.C.
900 SW Fifth Avenue, Suite 1800
Portland, OR 97232
Office: (503) 224-2165
Facsimile: (503) 224-0348
E: jmacmillan@msmlegal.com
E: creinert@msmlegal.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of George Adams,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC, a Delaware corporation.<br><br>Defendant | Case No.: 1:20-cv-00040-BLW<br><br>AFFIDAVIT OF ERIC VANE |

STATE OF _____ )
                        ) ss.
County of _____ )

I, Eric Vane, being first duly sworn, depose and say:

1. I am an employee of State Farm Fire and Casualty Company ("State Farm Fire").

2. On May 4, 2019, State Farm Fire insured plaintiff, George Adams, as owner of the real property located at 460 E. 2nd N., Mountain Home, ID 83647 ("the Property"), under a policy of homeowner's insurance, policy number 120169742 .

3. On May 4, 2019, State Farm Fire insured plaintiff, George Adams, as the owner of a business located at the Property, ("the Business") Policy no. 93-BH-Q667-1.

4. On May 4, 2019, the insured suffered a loss resulting from a fire that affected the Property as well as the Business, which were covered under the aforementioned State Farm Fire

Page 1 – AFFIDAVIT

policies.

5. During the May 4, 2019 fire, the insured's vehicle, a 2007 GMC Acadia ("Acadia"), was also destroyed. The Acadia was covered by a separate insurance automobile policy with a different entity, State Farm Mutual Automobile Insurance Company ("State Farm Auto").

6. State Farm Auto had control of the vehicle as its insurer beginning on the date of loss.

7. The State Farm Fire claim was assigned to me on May 4, 2019.

8. State Farm Fire and State Farm Auto are separate corporations, they operate independently, and the State Farm Fire claim was handled by a different claims representative than the State Farm Auto claim.

9. On May 6, 2019, I had a telephone conversation with the State Farm Auto claims representative regarding the Acadia. In that conversation, I requested permission from State Farm Auto to allow my inspector, Shane Hartgrove, and myself, to inspect the Acadia and perform an Origins and Cause Analysis.

10. During that same telephone call I also requested that the Acadia not be sent to Insurance Auto Actions (IAA) in Boise, but to a different holding facility. This request was made for Mr. Hartgrove's convenience for further inspections, and in the event the Acadia became evidence for any potential State Farm Fire subrogation claims, but the request was denied by State Farm Auto.

11. On May 8, 2019, the Acadia was towed to IAA by State Farm Auto.

12. I called IAA once to let them know that Mr. Hartgrove would be performing an inspection at the future, but did not have any further contact with IAA, and had no authority to communicate with IAA as to direct them how to handle the Acadia.

13. On May 22, 2019, Mr. Hartgrove travelled to IAA to further inspect the Acadia at IAA. I was not present. The Fire Cause Analysis Report was generated for State Farm Fire on

Page 2 – AFFIDAVIT

May 24, 2019.

14. On June 28, 2019, the Acadia was sold by IAA.

15. No one employed by State Farm Fire, including myself, had no knowledge of the sale of the Acadia at the time.

16. I believed that a hold would be placed on the Acadia by State Farm Auto so that the Acadia would not be sold because they had possession of the vehicle and they knew that the vehicle was the subject of our inspection.

17. It is customary for State Farm Auto to place a hold on a vehicle in situations such as this where the vehicle is the subject of a State Farm Fire investigation.

18. Sometime after June 28, 2019, I was informed that the Acadia was sold by IAA.

19. At all times, State Farm Auto had complete possession over the Acadia, and was the primary point of contact with IAA. State Farm Auto should have placed a hold on the Acadia, but did not.

20. Neither myself nor anyone at State Farm Fire had any power to place a hold on the Acadia with IAA.

21. At no point did State Farm Auto inform State Farm Fire that the Acadia was not placed on a hold, or was taken off a hold, and at no point did State Farm Auto inform State Farm Fire that the Acadia was sold.

The statements in this affidavit are true and correct to the best of my knowledge.

_____
Eric Vane

SUBSCRIBED AND SWORN to before me this _26_ day of _February_ 2020. 2-02 KC

_____
Notary Public of
My commission expires: 5/9/2025

3 – AFFIDAVIT

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW 5th AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165